No. 34,978

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MORRIS, *Appellee*, v. LOY CUNNINGHAM, and E. L. CUNNINGHAM, Interpleader, *Appellants*.

(110 P. 2d 783)

Opinion filed March 8, 1941.

*W. J. Pirtle* and *Bert W. Strnad,* both of Council Grove, for the appellants.
*Walter E. Hembrow,* of Council Grove, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for rents and for forcible detainer. Judgment was for plaintiff, and defendants have appealed.

On February 28, 1940, plaintiff filed its petition in the county court of Morris county, alleging that in December, 1939, pursuant to G. S. 1935, 79-2701, 79-2702 and 79-2703, plaintiff took possession of three described lots in the city of Council Grove, carried on the tax rolls of the county in the name of E. L. Cunningham; that the taxes upon the property had been delinquent for more than four

years, and that the defendant, Loy Cunningham, was a tenant of a portion of the property; that since January 1, 1940, he had occupied the property without any legal right to do so, and that the reasonable rental was $25 per month; that about January 26 plaintiff had notified him to vacate, but he had continued to occupy the premises; that his original entry and possession was peaceable and lawful, but since January 1, 1940, has been unlawful and hostile, and that the same constitutes forcible detention. Plaintiff further alleged that in behalf of the county it was entitled to the immediate possession of that portion of the premises described occupied by the defendant. The prayer was for judgment for $25 and for an order ejecting defendant from the premises.

Loy Cunningham filed an answer which contained a general denial except as to things specifically admitted; admitted the legal status of plaintiff and that pursuant to G. S. 1935, 79-2701, 79-2702 and 79-2703, plaintiff had attempted to take possession of the property, but alleged these statutes were unconstitutional and void; further admitted the property had been carried on the tax rolls in the name of E. L. Cunningham as the rightful owner thereof and admitted he was in possession of the property, and alleged that his possession was under a written lease, duly recorded, for two years from November 1, 1938, to November 1, 1940; that the rent had been paid in advance and that he was not indebted for rent. Further answering, defendant specifically denied that plaintiff has "any right, title or interest in the said premises and property whereby they are authorized to take possession thereof and on which the plaintiff could legally base this cause of action." The prayer was for judgment for costs.

E. L. Cunningham filed an intervening petition in which she alleged she was the owner of the property and that on November 1, 1938, she had leased a portion thereof to the defendant, Loy Cunningham, for two years, and that the rent had been paid for the full time in advance. She further alleged that plaintiff "has no lawful right, title or interest in said property adverse to the ownership of this interpleader; that the proceedings had by the plaintiff were not warranted or authorized by any laws of the state of Kansas, and are void."

She further alleged that G. S. 1935, 79-2701, 79-2702 and 79-2703, are void for the reason procedure thereunder would deprive her of her property and rights without due compensation.

Upon the ground that the pleadings involved the question of title to real property the cause was certified to the district court, where it came on for trial upon the pleadings previously filed. Counsel for plaintiff stated the substance of plaintiff's petition, the court inquired if there was any controversy as to the property having been bid in by the county, and counsel for defendants answered: "We claim that the lots were not legally bid in." The same question was raised repeatedly by counsel for each of the defendants. The county clerk, called as a witness, testified the property had been bid in for taxes at some prior date, but later, and in 1932, those taxes were compromised and paid; that the property was advertised in September, 1939, for the taxes of 1938 and again bid in by the county. His testimony further showed that the three lots and the seven buildings thereon were valued together as a group; that the buildings and lots were not separately assessed. There appears to have been quite a little colloquy and evidence on the point as to how the property was assessed and valued.

After judgment was rendered for plaintiff, defendants filed a motion for a new trial, including the pertinent statutory grounds. This was supported by the affidavit of one of the attorneys for defendants to the effect that the pertinent record in the office of the county treasurer showed that the property had been advertised for sale in 1932 for the taxes of 1931 and prior years, but that all those taxes were compromised and paid September 7, 1932; that thereafter there had been no sale of the property for delinquent taxes until in 1939, when it was sold for the delinquent taxes of 1938 and prior years and bid in by the county. The court held this evidence having been available in the public records all the time was not newly discovered, and refused to consider it. The motion for a new trial was overruled.

Plaintiff's right to maintain this action is predicated upon G. S. 1935, 79-2701, which reads:

"That in all cases where lands or town lots are sold for delinquent taxes lawfully assessed, and bid in at such tax sale for the county in which they are situated, and held by the county under such tax sale for a period of three years or more from the date of such sale, the board of county commissioners may take possession of and lease the same to the highest bidder therefor, for a period of one year, and to continue to so lease the same until the amount due the county for taxes thereon shall be fully paid."

The two following sections pertain to the execution of such leases, the receipt for rent collected, and the application thereof upon the taxes.

Under this statute the facts that the property had been sold for taxes, bid in by the county and held by the county for more than three years, are conditions precedent to the right of the county to take possession of the property, lease it and apply the rentals upon the taxes. Allegations and proof of these conditions were entirely lacking. In fact, the only pertinent evidence is to the contrary. The only sale of the property for taxes which had not been redeemed from was in 1939. The property had not been held by the county "for a period of three years or more" after such sale when this action was brought. Indeed, it had been so held only a few months. The authority of plaintiff to proceed in this cause was squarely put in issue by the answers. Plaintiff relies upon the statute above quoted for its authority. We feel compelled to hold plaintiff's petition and the proof are insufficient to justify judgment in its behalf.

Quite a little is said in the briefs of both parties about the legality of the assessment of the three lots, with the several buildings thereon, as one tract. We do not regard this as an important question in the case, especially in view of the conclusion we have heretofore stated.

Appellants argue that the statutes above mentioned violate the fourteenth amendment to the federal constitution in that they authorize the taking of appellants' property without just compensation. The point is not well taken. Normally, methods provided by a state for the collection of taxes for the state and its political subdivisions are not affected by the fourteenth amendment to the federal constitution. We see no reason for holding the statutes here in question are so affected.

From what has been said it necessarily results that the judgment of the court below must be reversed with directions to enter judgment for defendants. It is so ordered.